UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KENYAN TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:06-CV-298 PS |
| | ) | |
| THOMAS HANLON, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Kenyan Taylor, a *pro se* prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 while he was confined at the Indiana State Prison. The petitioner is serving a forty-year sentence for his 1994 Madison County conviction for murder. The respondent asserts that the petition is untimely, and the petitioner has not filed a traverse. Because Taylor's petition is untimely pursuant to 28 U.S.C. §2244(d)(1), the court must deny this petition.

**BACKGROUND**

On December 19, 1994, the Madison Superior court sentenced Taylor to a term of imprisonment for murder. (Respondent's Exhibit C). He appealed, and on February 27, 1997, the Indiana Court of Appeals affirmed his conviction and sentence. The State Supreme Court denied Taylor's petition to transfer on May 16, 1997.

Approximately 21 months later – on February 24, 1999 – Taylor filed a petition for post-conviction relief. (Respondent's Exhibit A). The trial court denied the petition, but on January 14, 2005, the court of appeals reversed the denial of post-conviction relief. The State sought transfer to the Indiana Supreme Court, which accepted transfer. On January 17, 2006, the Supreme Court

affirmed the court of appeals decision in part and reversed in part. *Taylor v. State*, 840 N.E.2d 324, 342 (Ind. 2006). The Supreme Court remanded the case to the trial court for a new sentencing. On remand, the trial court sentenced Taylor to forty years imprisonment. Taylor filed his petition for writ of habeas corpus on May 8, 2006.

## DISCUSSION

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed, with immaterial exceptions, within one year of the date on which the judgment became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1). However, § 2244(d)(2) provides that a properly filed state application for post-conviction relief or other collateral review tolls the statute of limitations. The statute of limitations is tolled for that period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4,5 (2000).

The one-year statute of limitations normally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). For purposes of calculating the limitation period, the Court must determine when Taylor's direct criminal appeal was, or would have been, concluded. Taylor's judgment of conviction became final on May 16, 1997, when the Indiana Supreme Court denied his petition to transfer. Accordingly, Taylor's statute of limitations expired on May 17, 1998. Taylor's petition for state post-conviction relief did not toll the statute of limitations because he filed it on February 19, 1999, which was nine months after the statute of limitations had already run.

None of Taylor's submissions suggest that state action created an impediment to filing a habeas application in violation of the Constitution or laws of the United States or that he is relying on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, nor has he argued that he could not have timely discovered the factual predicate of his claims through the exercise of due diligence.  *See* 28 U.S.C. §2244(d)(1). Accordingly, Taylor's petition for writ of habeas corpus is untimely and his claims are time-barred.

For the foregoing reasons, the court the court **DENIES** this petition pursuant to 28 U.S.C. § 2244(d)(1).

**SO ORDERED**.

DATED: February 28, 2007

                                                 **S/ Philip P. Simon**
                                                 Philip P. Simon, Judge
                                                 United States District Court